CASE 51—ACTION ON AN ALLEGED CONTRACT OF INSURANCE—NOV. **15.**

# Blue Grass Ins. Co. v. Cobb.

APPEAL FROM OWEN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.   REVERSED.

FIRE INSURANCE—CO-OPERATIVE COMPANIES—DESTRUCTION OF PROP-
ERTY BEFORE DELIVERY OF POLICY—ATTACHMENT OF RISK.

Held:   Under Kentucky Statutes, section 702, relating to assessment
or co-operative fire insurance companies, which provides that
"every person insured in such a corporation, who shall sign
an application for insurance, as required by the certificate of
incorporation, or the by-laws of the corporation, shall thereby
become a member thereof," one who signs an application does
not thereby become a member of such a corporation, but he
must also become insured; and therefore, where a policy, though
issued in accordance with an application, had not been deliver-
ed when the property was destroyed, and the premium had not
been paid, the company was not liable, in the absence of an
agreement that the insurance should be effective from the sign-
ing of the application.

GRANT, STROTHER & GREEN, FOR APPELLANT.

LINDSAY & BOTTS, FOR APPELLEE.

(No briefs.)

OPINION OF THE COURT BY JUDGE DuRELLE—REVERSING.

The appellee, Cobb, brought suit against appellant, which
is an insurance company organized under the general law,
and doing business in some ten counties of this State, al-
leging that at the solicitation of an agent of appellant
he made a written application for insurance upon his
dwelling house and contents, and that by an express agree-
ment with the agent he promised to pay therefor the sum
of $1.50, and such assessments as the company might
thereafter, during the existence of his property and the

life of his policy, make against him,—the $1.50 to be paid
upon delivery of the policy, and the assessments when
called for by the company; that the policy applied for
was delivered by appellant to its agent to be delivered to
appellee, but the agent, learning of the fact that the prop-
erty covered by the policy had been totally destroyed by
fire, refused to deliver it. A demurrer to the petition
having been overruled, appellant answered, denying the
agreement alleged by appellee to pay $1.50 on delivery
of the policy, or to pay any assessments which might there-
after be made, and denying that the property was insured
at any time, or that appellee became a member of the
company, or that the risk was accepted. The answer
pleaded further an agreement between the agent of the
company and Cobb that the application should be made
and forwarded, and a policy obtained thereon, and sub-
mitted to Cobb for his approval, when he was to have the
right to either accept or refuse it, as he pleased; that he
was not to become a member of the company by virtue of
the application, and that the policy was to have no force
until and unless accepted by appellee. All that part of
the answer setting up an agreement that Cobb was to have
the option of accepting or rejecting the policy when is-
sued, and that it was not to become binding until accept-
ed by him, was stricken out on motion; and, the case being
submitted to the court without the intervention of a jury,
judgment was given for the amount of the insurance
claimed upon the house, the facts found being simply
that Cobb made application for the policy, that the ap-
plication was submitted to the company, and a policy writ-
ten in accordance therewith, but before delivery of the
policy or acceptance thereof by Cobb the fire occurred,
and the house was destroyed. From the argument of coun-

sel it appears—and the findings of fact by the court also indicate—that the court sustained the motion to strike out, and rendered judgment for appellee, upon the theory that, by virtue of the provisions of section 702, Kentucky Statutes,—being an amendment to that part of the chapter on corporations relating to assessment or co-operative fire insurance companies,—Cobb became a member of the company, and insured in the corporation, upon making this application. The closing sentence of the section is as follows: "Every person insured in such a corporation, who shall sign an application for insurance, as required by the certificate of incorporation, or the by-laws of the corporation, shall thereby become a member thereof." It is insisted that the word "thereby" refers solely to signing the application for insurance. We can not concur in this contention. The person must not only sign the application for insurance, but must be "insured in such corporation;" and, while the language of the section is awkward in disregarding the order of the two events in point of time, it seems undoubtedly to require two things to concur in order to make such person a member of the company, *videlicet*, that he shall sign the application for insurance and shall become insured. This view of the statute is embodied in one of the provisions of the policy set out in the petition, to wit: "Any person owning property in territory embraced by our charter, who shall sign an application and hold a policy in this company, shall thereby become a member of the same." There was no payment of premium and no delivery of the policy, and we think the rule laid down in May, Ins., section 56, is correct: "If there has been no payment of the premium, and no delivery in fact of the policy, the contract is *prima facie* incomplete, and he who claims under it must show

that it was the intention of the parties that it should be operative notwithstanding these facts. The presumption of law is that the delivery of the policy and the payment of the premium are dependent upon each other. But this presumption may be rebutted," etc. It seems to us that the ruling of the court on the motion to strike out was also erroneous, as the matter so stricken supported a defense that, in our view, was valid. . There was no finding of fact as to the alleged agreement that the insurance should be effective from the signing of the application, or as to the contrary agreement averred in the answer. It follows, therefore, that the findings of fact do not support the judgment, and the judgment is accordingly reversed, with directions to award appellant a new trial, and for further proceedings consistent herewith.