## BOWEN v. MUTUAL LIFE INS. CO. OF NEW YORK.

Where the agent of an insurer issued to an applicant for insurance a binding receipt, so as to make the insurance in force from the date of the application on a policy thereon being issued, parol evidence was inadmissible to show that the receipt was in fact not a binding receipt; Rev. Civ. Code, § 1239, declaring that the execution of a contract supersedes oral negotiations preceding or accompanying its execution.

Where the application for a life policy was in writing signed by the applicant, and the receipt given by the soliciting agent showing a part payment of the premium was signed by the agent and accepted in writing by the applicant, the construction of the application and the receipt was for the court, and a witness could not give his opinion as to the meaning thereof.

An application for a life policy stipulated that the policy should not take effect until the first premium was paid and the policy issued. The applicant made a partial payment of the first premium and received a receipt from the agent,, which recited that, if a policy should be issued,

the receipt would be accepted in payment of the first premium if the balance was paid on the delivery of the policy, and that no other person than the secretary or president of the insurer could make contracts or waive forfeitures. The policy issued provided that the annual premium should be paid in advance on the delivery of the policy. *Held*, that the insurer did not bind itself to pay the policy unless the first premium was paid in full at the time of the delivery of the policy during the good health of the insured.

Where a life policy, which acknowledged the payment of the first premium, was forwarded to the soliciting agent of the insurer, to be delivered to the insured on the payment of the premium, the agent, until the premium was paid, was the agent of the insurer, and not the agent of the insured.

Where an application for a life policy provides that the application is to become a part of the policy issued thereon, and that the policy shall not take effect until the first premium is paid, and the policy issued shall be accepted subject to the conditions therein contained, a policy will not take effect until the premium is paid and the policy issued.

An application for a life policy stated that the policy should not take effect until the first premium was paid during the good health of the applicant, and recited that the applicant had received from the soliciting agent a receipt making the insurance in force from the date of the application on the issuance of a policy thereon. On the same day the agent delivered to the applicant a receipt reciting a partial payment of the first premium and stipulating that, if a policy should be issued, the receipt would be accepted in part payment of the premium, provided the balance would be paid on the delivery of the policy. *Held*, that the applicant was not led, by the statement in the application that a binding receipt had been issued, to believe that a policy would be in force from the date of the application, it being presumed, in the absence of fraud, that the applicant had read the application and receipt; and hence the beneficiary could not recover on the policy, on the death of the insured before payment of the first premium.

Haney, J., dissenting.

(Opinion filed, Oct. 3, 1905.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Katie Bowen against the Mutual Life Insurance Company of New York. From a judgment for defendant, plaintiff appeals. Affirmed.

*Joe Kirby*, for appellant.

·A witness cannot testify as to *his* understanding of the meaning of a contract. Moline Plow Co. v. Gilbert, 3 Dak. 239; Seitz v. Brewers, etc., Mach. Co., 141 U. S. 518; Eels v. St. Louis, etc., Ry.

Co., 52 Fed. 905; Wilkins v. Carter, 19 S. W. 998; Tourtelot v. Whitehead, 84 N. W. 8; I Greenleaf on Ev. § 275; II Phil. Ev. §350; II Starkie's Ev. § 544; Underhill on Ev. § 206. When the Company concluded to make the insurance, the amount paid to the agent became its property without further action on its part and the insurance became effective. Cooper v. Pacific Mutual Ins. Co., 8 Am. Rep. 705-6; Ins. Co. v. Colt, 20 Wallace 560-571; Kohne v. Ins. Co., 1 Wash. C. C. 93. It is now a well settled rule of law in this country that the policy itself is only the evidence of the contract. Angell v. Ins. Co. 59 N. Y. 171; Newark Mach. Co. v. Ins. Co. 35 N. E. 1062; Lorcher v. Knights of Honor, 40 N. W. 545; Sheldon v. Life Ins. Co., 65 Am. Dec. 565; Blanchard v. Waite, 48 Am. Dec. 474; Yonge v. Assurance Society, 30 Fed. 902; Warren v. Ins. Co., 33 Am. Dec. 674; Life Ins. Co. v. Thompson, 94 Ky. 253; Bragdon v. Ins. Co., 42 Maine 259; Wheeler v. Ins. Co., 131 Mass. 1; Walker v. Ins. Co., 56 Maine 373; Ganser v. Ins. Co., 35 N. W. 584; Davenport v. Ins. Co., 17 Ia. 276; Lightbody v. Ins. Co., 23 Wend. 18. ·

*Bailey & Vorhees* and *Frederick B. Eaton,* for respondent.

When a policy of insurance contains a stipulation that it shall not be binding until the first premium is paid and the policy delivered, it is unenforceable by either party, and even if delivered, the holder cannot recover while the premium remains unpaid, provided the insurer has not, by his conduct, waived compliance with it. 16 Am. & Eng. Ency. of Law, 2nd ed., p. 857; The Equitable Life Assurance Society of the U. S. v. McElroy, 40 U. S. App., 548; Ray v. The Security Trust & Life Ins. Co., 35 S. E., 246; McClave v. The Mut. Reserve Fund Life Ass'n, 55 N. J. Law, 187, 26 Atlantic, 78; Hewitt v. The Am. Union Life Ins. Co., 73 N. Y. Sup., 105; Russell v. The Prudential Ins. Co. of America, 176 N. Y., 178, 68 N. E., 252; The Mut. Reserve Fund Life Ass'n v. Simmons, 107 Fed. Rep., 418; Anders v. The Life Ins. Clearing Co., 87 N. W., 331; The Iowa Life Ins. Co. v. Lewis, 187 U. S., 335.

The agent did not hold the policy for the benefit of Bowen, neither was he entitled to the immediate possession and delivery thereof until he had paid the first premium. Union Central Life

Ins. Co. v. Pauly, 8 Ind. App., 85; Dinning v. The Phenix Ins. Co., 68 Ill., 414; Hoyt v. The Mut. Benefit Life Ins. Co., 98 Mass., 539; Markey v. The Mut. Benefit Life Ins. Co., 118 Mass., 178; Myers v. The Liverpool & London & Glove Ins. Co., 121 Mass., 338; Heimann v. The Phenix Mut. Life Ins. Co., 17 Minn., 153; Lee v. The Guardian Life Ins. Co., 15 Fed. Cases, 158; The Mut. Life Ins. Co. of New York v. Lucas, 79 S. W., 279; The Mut. Life Ins. Co. of New York v. Sinclair, 71 S. W., 853; Marland v. The Ins. Co., 71 Pa. State, 393.

 ᐩ Where the facts are not controverted, or are admitted in the pleadings, it is the province of the court to direct a verdict according to the law to be applied to that particular state of facts. Wagon Co. v. Matthiessen, 2 Dak., 283, 14 N. W., 107; Knapp v. Bank, 5 Dak., 378, 40 N. W., 587; Longley v. Daley, 1 S. D., 257, 46 N. W. 246; Peet v. Ins. Co., 1 S. D., 462, 47 N. W., 532; Haugen v. The C. M. & St. P. R. R. Co., 3 S. D., 394, 53 N. W., 769; Fromheiz v. The Yankton Fire Ins. Co., 7 S. D., 187, 63 N. W., 784; McKeever v. The Homestake Mining Co., 10 S. D., 599, 74 N. W., 1053; Child v. McClosky, 14 S. D., 181, 84 N. W., 769.

 CORSON, J. This was an action by the plaintiff to recover of the defendant the sum of $1,000 due her upon an alleged contract of insurance. Verdict and judgment being in favor of the defendant, the plaintiff has appealed.

It is disclosed by the record that on the 28th day of January, 1903, the plaintiff's husband made a written application to W. B. Fuller, the then soliciting agent of the defendant at Sioux Falls, for a policy of insurance for the said amount upon the 20-year payment plan. The application contained a clause which reads as follows: "This application, made to the Mutual Life Insurance Company of New York, is the basis and part of a proposed contract for insurance, subject to the charter of the company and the laws of the state of New York. I hereby agree that all the following statements and answers, and all those that I make to the company's medical examiner, in continuation of this application, are by me warranted to be true, and are offered to the company as a consideration of the contract, which I hereby agree to accept, and which shall

nct take effect until the first premium shall have been paid, during my continuance in good health, and the policy shall have been signed by the secretary of the company and issued. * * * I have paid $——— to the subscribing soliciting agent, who has furnished me with a binding receipt therefor, signed by the secretary of the company, making the insurance in force from this date, provided this application shall be approved and the policy duly signed by the secretary at the head office of the company and issued. Dated at Sioux Falls, S. D., Jan. 28th, 1903. [Signed] Frank Bowen." To this application was added the following: "I have known the above-named applicant for one day, and saw him sign this application. I have issued binding receipt No. ——— on account of this policy contract. [Signed] W. B. Fuller, Soliciting Agent." On the same day there was issued to the plaintiff the following receipt. "The Mutual Life Insurance Company of New York. No. 90,041. $5.00. Jan. 28, 1903. Received from Frank Bowen, at Sioux Falls, S. D., an application for insurance in the Mutual Life Insurance Company of New York, dated this day, together with the sum of five dollars in cash, to be used as hereinafter provided: If a policy be issued by said company on said application and delivered, then this receipt will be accepted as five dollars in payment of the first premium due on such policy, provided that the balance of such premium is paid at the time of such delivery. If said application be accepted and policy be issued and tendered, but not accepted, then such sum of five dollars shall be retained by said company in reimbursements for expense incurred. The company reserves the right to decline said application in its sole and uncontrolled discretion, and in case said application be declined by said company said five dollars shall be returned to the holder of the receipt, on its surrender. No other person than the president or the secretary can make, alter, or discharge contracts or waive forfeiture. Applications for $30,000 or more require a double deposit. This receipt is of no force and effect until countersigned by * * * W. J. Easton, secretary. I accept the provisions of the above receipt. Frank Bowen." Across the face of the above receipt is endorsed the following: "Countersigned by W. B. Fuller, Collecting Agent." On the 2nd day of February, 1903,.

the said defendant issued its policy of insurance, in which was the following clause: "The annual premium of forty-one dollars and forty-six cents shall be paid in advance on the delivery of this policy, and thereafter to the company, at its head office in the city of New York, on the second day of February in every year during the continuance of this contract, or until the premiums for twenty full years shall have been duly paid to said company. The receipt of the first payment of premium hereon is acknowledged." This policy was at once forwarded to the agent at Sioux Falls, but, owing to delays in the mails or otherwise, the same was not received at Sioux Falls until on or about the 18th day of February, whereupon the defendant, through its soliciting agent and cashier, W. B. Fuller, mailed to the said Frank Bowen the following letter in relation to the said policy: "Sioux Falls, S. D., Feb. 18, 1903. Frank Bowen, Esq., Ben Clare, S. D.—Dear Sir. No. 1,316,114. We are just today in receipt of your policy of the above number, there having been a miscarriage in the mails causing delay. We shall be pleased to have you call for it at any time now when it is convenient. Very truly yours, W. B. Fuller, Cashier." The policy was not called for, and on the 27th day of February Frank Bowen was shot and killed. The plaintiff herein, the beneficiary named in said policy of insurance, thereupon tendered to the agent the balance due upon said policy for the first premium, and, the same being refused, the money was deposited in a bank in Sioux Falls to the credit of the defendant. The defendant, upon being notified of such deposit, immediately wrote a letter to the bank and to the plaintiff declining to accept the same, and this action was thereupon instituted. The defendant denied that the sum of $5 constituted said first premium payment on the said policy, and alleged that the said sum of $5 was paid by the said Frank Bowen pursuant to the terms of said receipt, and not otherwise. The defendant further denied that the policy of insurance set forth in the complaint was ever issued, or that the same had ever been delivered by the defendant to the said Frank Bowen, the plaintiff herein, or any other person in his behalf, or that the same had ever passed out of the possession of the defendant, and specifically denied that said policy of insurance from and after the 18th day of

February, 1903, or any other time, was in the possession of the said W. B. Fuller for the benefit of the said Bowen. The case was tried to a jury, and a verdict was directed in favor of the defendant.

The plaintiff and appellant seeks a reversal of the judgment upon the ground that the court erred in overruling plaintiff's objections to certain testimony given on the part of the defendant and in sustaining defendant's motion to direct a verdict in favor of the defendant, and in denying plaintiff's motion for a new trial. On the trial the respondent offered in evidence Exhibit D, being the receipt for $5 dated January 28th, a copy of which has been heretofore set forth, signed by said Fuller. On cross-examination the witness Fuller was asked the following question: "Is this [Exhibit D] the binding receipt referred to in this application?" To which he answered: "This is the receipt I gave to Bowen." "Is this what is known as a binding receipt?" The appellant objected to this question as incompetent and not cross-examination, and not a matter that can be explained. The instruments, the contracts, are all in writing, and the interpretation is for the court. If any ambiguity exists, it is for the jury. This objection was overruled and exception taken. The witness answered: "This is not the receipt that we consider a binding receipt." "I show you Exhibit 1 and ask you to explain that instrument." Same objection and ruling. "This paper I have is not an executed paper. It is a blank that was used—what we term a binding receipt. It was used in cases where the full premium was paid. This receipt was used in case the premium was paid when the application was signed." It will be observed in the statement of facts that Fuller, at the end of the applicant's application, made the following statement: "I have issued binding receipt No. ————— on account of this policy contract. W. B. Fuller, Soliciting Agent." Exhibit 1 referred to, and which he designates as a blank binding receipt, reads as follows: "The Mutual Life Insurance Co. of New York. $—————. No. 108,675. —————, 189 —. Received from —————, of —————, —————. dollars in cash, being an amount equivalent to the first ——— annual premium on a proposed insurance for $————— on the life of —————, of —————, for which an application is this day made to the Mu-

tual Life Insurance Company of New York. The insurance applied for shall be in full force and effect from this date, provided that the said application shall be accepted and approved by the said company at its head office in the city of New York and a policy thereon duly issued. In case the application is not so accepted and approved, and no policy is issued, or should the applicant receive no notification from the company within 30 days from the date of this receipt of any action on such application, then and in every such case no insurance shall be effected, and it shall be understood and agreed that the company decline the risk, whereupon all moneys paid hereunder shall be returned upon the delivery of this receipt. No person other than the president or secretary can make, alter, or discharge contracts or waive forfeitures. This receipt is of no force and effect unless it is for the whole amount of the first premium called for in the proposed policy, and not for any part thereof, and until countersigned by ————, and not changed or altered without the consent of the president or secretary. I accept the provisions of the above receipt. ————. W. J. Easton, Secretary." Printed across the face of the above receipt is: "Countersigned: ————, Collecting Agent."

The appellant objected to the admission in evidence of this exhibit, as irrelevant to any of the issues in the case and incompetent, and cannot be received to vary or change any of the terms of the contract. The appellant insists that the application of Bowen, with the statement added thereto, made by Fuller, that he had issued a binding receipt on account of the policy, could not be varied or contradicted by oral evidence, and that the fact that the company had another form of receipt which they might have issued, but which it seems was not used in this case, was not material, and that it was not competent for the witness to contradict his own written statement that he had issued a binding receipt on account of the company. It is a well-settled rule that parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument. This rule is embodied in our Code in the following terms: "The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stip-

ulations concerning its matter, which preceded or accompanied the execution of the instrument." Section 1239, Rev. Civ. Code; Greenleaf on Evidence, § 275; Underhill on Evidence, § 206. Notwithstanding this well settled rule, the soliciting agent, Fuller, was permitted on cross-examination, over the objection of the appellant to testify that the receipt which he had issued, and which he declared in writing to be a binding receipt, was not, in fact, a binding receipt, and in effect that his statement therein made was not true. This was clearly permitting the witness to contradict a written instrument signed by himself, in violation of the rule above stated, and the admission of this evidence was also in violation of a well-known rule that the construction of the terms of a contract is for the court, and that a witness cannot be permitted to testify or give his opinion as to the construction of the terms of an instrument in writing. The entire contract between the defendant and the deceased, Frank Bowen, was contained in the written instruments offered in evidence by the plaintiff, and it was for the court to construe these istruments and determine from them the nature of the contract. It is quite clear, therefore, that the court committed error in permitting the witness to answer the question on cross-examination: "Is this [referring to the receipt mentioned in the application] what is known as a binding receipt?" We think the court was also in error in permitting the introduction in evidence of Exhibit 1, and permitting the witness to explain that instrument. As that blank receipt had not been used in the transaction, and it was not shown that the assured or the plaintiff in the action had any knowledge of the existence of such a receipt, it was clearly incompetent, irrelevant and immaterial as evidence in this action.

But, assuming that the court erred in the admission of the evidence above referred to, a further question is presented, and that is, did the rulings of the court in the admission of this evidence constitute reversible error? We are inclined to take the view that it did not, for the reason that, disregarding the objectionable evidence, a proper construction of the contract entered into between the parties shows that the court was clearly right in directing a verdict in favor of the defendant. The application and statement of the as-

sured and the receipt executed by Fuller were all offered in evi-
dence by the plaintiff, and constituted the basis of this action, upon
which the appellant sought to recover the insurance money claimed
by her.   It will be observed in the application the assurred makes
the following specific agreement: "And are offered to the company
as a consideration of the contract which I hereby agree to accept,
and which shall not take effect, until the first premium shall have
been paid, during my continuance in good health, and the policy
shall have been signed by the secretary of the company and issued."
It will be further observed that in the receipt issued by Fuller it is
provided: "If a policy be issued by said company on said application
and delivered, then this receipt will be accepted as $5.00 in payment
of the first premium due on such policy, provided that the balance
of the said premium is paid at the time of such delivery.   If said
application be accepted, and policy be issued and tendered, but not
accepted, then said sum of $5.00 shall be retained by said company
in reimbursement for expenses incurred."   It will be further noticed
that in the same receipt it is provided that: "In case said application
be declined by said company, said $5.00 shall be returned to the
holder of the receipt on its surrender."   It is further provided there-
in: "No other person than the president or secretary can make, alter,
or discharge contracts or waive forfeitures."   The policy also itself
provides: "The annual premium of forty-one dollars and forty-six
cents shall be paid in advance on the delivery of the policy." Constru-
ing these three instruments together, it is clear that the company did
not intend to bind itself to the payment of any policy unless the pre-
mium therefore was paid in full in advance or at the time of the de-
livery of the policy, and that the same was not intended nor under-
stood by the company or the assured that the policy was to be in
force until the full amount of the first premium of $41.46 should be
paid.   The statement, therefore, of Fuller that he had issued a bind-
ing receipt was strictly correct, and the receipt that he had issued,
being introduced by the plaintiff, shows clearly what the receipt was.
Assuming that he intended to convey, by his statement added to the
end of the application, the idea that he had issued a receipt binding
upon the company for the amount of the policy from the date of its

issuance, on February 2d, the receipt actually issued by him shows that such a statement on his part was not correct and that he had issued no such receipt; for, as before stated, the receipt itself shows that it was to be received in payment of the first premium due on said policy, provided that the balance of said premium is paid at the time of the delivery. The assured, therefore, could not have been misled by the unauthorized statement by Fuller in the memoranda added to the application.

The contention of the appellant that the soliciting agent, Fuller, held the policy as the agent of Bowen is clearly untenable, as is also the contention that the receipt of the first payment of premium contained in the policy is acknowledged, and therefore conclusive upon the company. No such construction can reasonably be given to the application, receipt, or policy. Of course, a life insurance company, in making out its policies, fills up all blanks, and, if the premium has not been actually paid in advance forwards the policy to its agent, to be delivered by him to the insured upon the payment of the premium, and until the premium is paid the policy is held by the agent as the agent of the company and not the agent of the insured. Heiman v. Phœnix Mut. Life Ins. Co., 17 Minn. 153; Marland v. Insurance Co., 71 Pa. 393; Union Cent. Life Ins. Co. v. Pauly, 8 Ind. App. 85, 35 N. E. 190; Markey v. Mut. Ben. Life Ins. Co., 118 Mass. 178; Lee v. Guardian Life Ins. Co., 15 Fed. Cas. 158; Hoyt v. Mutual Benefit Life Ins. Co., 98 Mass. 539; Myers v. Liverpool & London & Globe Ins. Co., 121 Mass. 338; Dinning v. Phœnix Ins. Co., 68 Ill. 414; Mut. Life Ins. Co. of New York v. Sinclair, 71 S. W. 853; Mutual Life Ins. Co. of New York v. Lucas, 79 S. W. 279.

The instruments will not bear the construction contended for by the appellant that it was the intention or the understanding of the parties that a policy of insurance should be issued binding upon the company upon the payment of the deposit of $5. As shown by the receipt signed by Fuller, it was simply intended to secure the company against the expenses of a medical examiner, in case the assured neglected or failed to make the policy and pay the balance of the premium stipulated therein. It is clearly apparent from the

terms of the contract that the company never intended that the policy should be a policy binding them to pay the amount specified therein until the first premium should be fully paid; and it is equally clear that the assured could never have understood that he was to receive such a policy, except upon the payment of the full amount of the premium. If the receipt actually issued by Fuller had not been introduced in evidence, there might be some plausibility in the contention that the assured was misled and supposed he was obtaining a policy of insurance binding upon the company for the paltry sum of $5; but, when the receipt itself is read in connection with the application and statement therein, the meaning of Fuller in the statement added to the application becomes clear.

It seems to be the general rule that where a written application for a policy of life insurance, duly signed by the applicant, provides that the application is to become a part of the contract of insurance applied for, and that the contract is not to take effect until the first premium is paid, and that the policy issued thereunder should be accepted subject to the conditions and agreements therein contained, a policy will not take effect until the premium is paid and the policy issued. The applicant must be presumed, in the absence of fraud, to have read the application and the receipt issued by the agent, and have been thereby advised that the policy could not issue or take effect until the first premium is paid thereon in full. He in effect covenants directly with the company that the policy is not binding until the first premium is paid in full, and he is chargeable with the notice, contained in the receipt given him, that the agent, whether general or local, could not without express authority waive such payment and deliver a valid policy. Russel v. Prudential Ins. Co. of America, 176 N. Y. 178, 68 N. E. 252; McClave v. Mut. Reserve Fund Life Ass'n, 55 N. J. Law, 187, 26 Atl. 78; Equitable Life Assurance Society of U. S. v. McElroy, 49 U. S. App. 548, 83 Fed. 631, 28 C. C. A. 365; Iowa Life Ins. Co. v. Lewis, 187 U. S. 335; Mutual Reserve Fund Life Ass'n v. Simmons, 107 Fed. 418, 46 C. C. A. 393; Ray v. Security Trust & Life Ins. Co. 35 S. E. 246; Anders v. Life Insurance Clearing Co., 62 Neb. 585, 87 N. W. 331; Bluegrass Ins. Co. v. Cobb, 109 Ky. 339, 58 S. W. 981; Manhattan

Life Ins. Co. v. Myers, 109 Ky. 372, 59 S. W. 30; 1 May on Insurance, §§ 56, 61; 16 Am. & Eng. Ency. of Law (2d Ed.) p. 857. The assured, therefore, must be presumed to have known that the statement made in the application that he had paid $———— to the subscribing soliciting agent, who had furnished him with a binding receipt therefor, making the insurance in force from the date of the application, was not binding upon the company, as he was notified by the agent in the receipt issued the same day that no other person than the president or secretary can make, alter, or discharge contracts, and he had declared in the same application that the policy should not take effect until the first premium should have been paid.

The case of Russel v. Prudential Ins. Co. of America, supra, decided by the Court of Appeals of New York in 1903, was very analogous to the case at bar. In the statement of facts in that case it appears that in December, 1899, the plaintiff made a written application for the policy in suit, the material portions of which are quite similar to the application made by the assured in the case at bar, and in the application it is provided and agreed that the policy therein applied for shall be accepted subject to the conditions and agreements therein contained, and such policy shall not take effect until the same shall be issued and delivered by the company and the first premium paid thereon in full. The assured in that case had died before the first premium was paid, although the policy was delivered. The receipt for the first premium was signed by the general agent and delivered to the insured, and by him handed to the subagent, who was to hold it until the payment was actually made. At the close of the evidence the defendant moved the trial court to instruct a verdict in favor of the defendant. This was denied by the trial court, who said, in denying the motion: "The one question I am going to submit to the jury is this: Whether on January 6, 1900, Mr. Tennant, at the time he delivered the policy to Mr. Russel, agreed that the time for payment of the premium should be extended, as is claimed by plaintiff, and that the policy could in the meantime remain in force. That is the only question I am going to submit to the jury. If they find in favor of the plaintiff upon that state of facts, the verdict will be for plaintiff. If they find for de-

fendant upon that proposition, the verdict will be for the defendant."
The court further said: "I hold as a matter of law that, if Mr. Tennant did what plaintiff claims he did on the 6th day of January,
then there can be a recovery in this case." That learned court in an
exhaustive opinion uses the following language: "We thus come to
the important and controlling question in this case, whether the insured is to be charged with notice of the contents of the written application, which he executed, making the same a part of the contract
of insurance. The legal presumption is, in the absence of fraud,
that the insured read, or had read to him, the application before
signing it. This being so, he was advised that the policy could not
issue or take effect until the first premium was paid thereon in full.
The legal effect is that the insured covenanted with the company directly, and not through its agent, that the policy was not to be binding upon the company until the first premium was paid in full. Is
this contract to be enforced as clearly written, or is it to be ignored,
for the reason that men enter into contracts without reading them,
and assume that a vague and unproven custom exists permitting a
local agent to give life and validity to the policy without reference
to the terms of the contract of insurance? The question may be put
in another form: Can an insurance company enter into a contract
with a person applying for insurance, which can so fix the precise
conditions under which the policy shall issue that the agent, in the
absence of express authority, cannot abrogate it? It would seem
that the mere statement of the foregoing questions would compel an
answer in favor of the company without argument. An insurance
company is entitled to have its contracts enforced by the courts as
written, unless, as has been stated in many cases, to strictly construe it as against the insured would work a fraud upon him. As
already pointed out, this might be the case in reference to the payment of the initial premium, where the only provisions in regard to
the same are contained in the policy. It cannot be said in this case,
in the teeth of the express covenant of the insured ,contained in his

application and carried into the policy with due reference to the same, that he would be subjected to a fraud, if the waiver of the agent, made without authority, is held not to abrogate the contract between him and the company, of which he is chargeable with full notice. We are of the opinion that it was error for the learned trial judge to instruct the jury that, if they found that at the interview beween the agents and the isured the general agent delivered the policy to the insured and agreed with him that the time of the payment of the first premium should be extended, and that in the meantime the policy should be in force, their verdict should be for the plaintiff. The order and judgment appealed from should be reversed, and a new trial ordered, with costs to abide the event."

It will be noticed that by the statement of facts and by the rulings of the trial court and by the decision of the Court of Appeals that that case was much stronger in favor of the plaintiff than the case at bar, as the policy in that case had been actually delivered and a receipt for the premium actually executed by the general agent of the company; and it is not affirmatively shown that the assured was notified, otherwise than by the stipulations in the policy, that no agent of the company, other than the president or secretary, was authorized to change or alter any of the terms of the application or policy, as was done in the case at bar, by the receipt issued by Fuller to the assured. We are of the opinion, therefore, that the court was clearly right in directing a verdict in favor of the defendant, upon the evidence as introduced by the plaintiff, without regard to the erroneous rulings of the court in the admission of evidence on cross-examination and the admission of the so-called blank binding receipt. Under this view of the case the errors committed by the court were immaterial, and did not constitute reversible error.

The judgment of the circuit court, and order denying a new trial, are affirmed.

HANEY, J., dissenting.